# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: June 10, 2020

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| MAYA SANDOVAL, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | No. 16-304V |
| | * | Special Master Gowen |
| v. | * | |
| | * | Attorneys' Fees and Costs |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

<u>Michael A. Firestone</u>, Marvin Firestone, MD, JD and Associates, San Mateo, CA, for Petitioner.
<u>Camille M. Collett</u>, United States Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On January 30, 2020, Maya Sandoval ("Petitioner") filed a motion for attorneys' fees and costs. Motion for Attorney Fees and Costs ("Fees App.") (ECF No. 100). For the reasons discussed below, I **GRANT** Petitioner's motion for attorneys' fees and costs and award a total of **$93,411.79**.

### I.  Procedural History

On March 8, 2016, Petitioner filed a petition in the National Vaccine Injury Compensation Program.[2] Petitioner alleged that as a result of receiving an influenza ("flu") vaccine on October 18, 2013, she suffered a right shoulder injury related to vaccine administration ("SIRVA"). *See* Petition (ECF No. 1). An entitlement hearing was held on May 2-3, 2019 in San Francisco, California, and on July 12, 2019, I issued my Ruling on Entitlement, finding that Petitioner was

---

[1] I intend to post this Ruling on the United States Court of Federal Claims' website. **This means the Ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

entitled to compensation. On September 27, 2019, the parties filed a Proffer, which I adopted as my decision awarding compensation on September 30, 2019. (ECF No. 93).

On January 30, 2020, Petitioner filed a motion for final attorneys' fees and costs. Petitioner requests compensation in the total amount of $100,071.50, representing $69,122.84 in attorneys' fees and $30,948.61 in costs. Fees App. at 1. Pursuant to General Order No. 9, Petitioner warrants she has personally incurred costs of $792.54 in pursuit of her claim. *Id.* Respondent reacted to the fees motion on February 14, 2020, stating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Response at 2 (ECF No. 101). Petitioner did not file a reply thereafter.

The matter is now ripe for adjudication.

II.    **Analysis**

Under the Vaccine Act, the special master may award reasonable attorneys' fees and costs for a petition that does not result in an award of compensation but was filed in good faith and supported by a reasonable basis. § 300aa–15(e)(1). Here, because Petitioner was awarded compensation pursuant to a proffer, she is entitled to a reasonable award of final attorneys' fees and costs.

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993). Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484 n. 1. The special master has the discretion to reduce awards *sua sponte*, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208–09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313 (Fed. Cl. 2008), *aff'd* No. 99–537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

   a. **Attorneys' Fees**

Petitioner requests the following hourly rates for the work of her counsel, Mr. Michael Firestone: $260.00 per hour for work performed in 2015, $269.62 per hour for work performed in 2016, $279.60 per hour for work performed in 2017, $289.39 per hour for work performed in 2018, $300.10 per hour for work performed in 2019, and $311.20 per hour for work performed in 2020. These rates are reasonable and consistent with what Mr. Firestone has previously been awarded for his Vaccine Program work.

Turning next to review of the submitted billing statement, I find that the overall hours spent on this matter appear to be reasonable. The entries are reasonable and accurately describe the work being performed and the length of time it took to perform each task. Respondent also has not identified any particular entries as being objectionable. Therefore, Petitioner is entitled to final attorneys' fees of **$69,122.84**.

   b. **Attorneys' Costs**

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests total attorneys' costs in the amount of $30,948.61. The majority of this amount ($27,965.99) is for the work of Petitioner's expert, Dr. John Costouros, which the remainder comprised of postage, copying charges, and costs associated with fact witnesses appearing at the entitlement hearing. Fees App. at 12-13. Some of these costs require further discussion.

Concerning the work of Dr. Costouros, Petitioner requests reimbursement for time at a rate of $800.00 per hour. Petitioner acknowledges that I have previously awarded Dr. Costouros $500.00 per hour for his work, but argues that an hourly rate of $800.00 is reasonable based on "Dr. Costouros' area of expertise and medical specialty of Orthopaedic Surgery (specializing in shoulder disorders), his education and training required to achieve Board certification in Orthopaedic Surgery with an additional qualification in Orthopaedic Sports Medicine, the prevailing rates for other comparably respected available experts, the good quality and complexity of the information provided in his expert reports and during his hearing testimony, and based on the extremely high cost of living in Dr. Costouros' geographic area." Fees App. at 2.

Petitioner is correct in acknowledging Dr. Costouros' good work in this case, and there is no doubt that his testimony at the entitlement hearing played a critical role in Petitioner eventually being awarded compensation for her injury. However, $800.00 per hour represents an excessive hourly rate, particularly compared to other well-qualified experts who regularly provide testimony in the Vaccine Program about more complex issues than were considered in the instant case and bill at a rate of $500.00 per hour. In recognition of Dr. Costouros' credentials and good work in this case, I shall award him a rate of $550.00 per hour for his work. Thus, a reasonable amount for Dr. Costouros' work in this case, inclusive of his transportation reimbursement, is $20,603.49. This means that a reduction of $7,362.50 is made from the final award of attorneys' costs.

Also requiring reduction is the cost of photocopies. Petitioner states that counsel charged $0.50 per page for all photocopies made with the firm's office copier, and that a total of 299 copies were made this way. However, the Vaccine Program has consistently awarded $0.20 per page as a reasonable amount for in-house photocopying. *See Haynes v. Sec'y of Health & Human Servs.*, No. 17-365V, 2020 WL 2500131, at *3 (Fed. Cl. Spec. Mstr. Apr. 21, 2020). Application of a $0.20/per page rate results in a reduction of $89.70.

The remainder of the attorneys' costs sought are reasonable and supported with adequate documentation. Petitioner is therefore awarded final attorneys' costs of $23,496.41.

### c. Petitioner's Costs

Pursuant to General Order No. 9, Petitioner warrants that she has personally incurred costs of $792.54, comprised of the Court's filing fee, acquisition of medical records, and travel costs associated with attending the entitlement hearing. Fees App. at 74. I find these costs to be reasonable and they shall be awarded in full.

### III. Conclusion

In accordance with the foregoing, Petitioner's motion for attorneys' fees and costs is **GRANTED**. I find that Petitioner is entitled to a reimbursement of attorneys' fees and costs as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $69,122.84 |
| (Reduction of Fees) | - |
| **Total Attorneys' Fees Awarded** | **$69,122.84** |
| | |
| Attorneys' Costs Requested | $30,948.61 |
| (Reduction of Costs) | - ($7,452.20) |
| **Total Attorneys' Costs Awarded** | **$23,496.41** |
| | |
| **Total Attorneys' Fees and Costs** | **$92,619.25** |
| | |
| **Petitioner's Costs** | **$792.54** |
| | |
| **Total Amount Awarded** | **$93,411.79** |

**Accordingly, I award the following:**

1) **a lump sum in the amount of $92,619.25, representing reimbursement for Petitioner's attorneys' fees and costs, in the form of a check payable to Petitioner and her attorney, Mr. Michael Firestone[3]; and**

2) **a lump sum in the amount of $792.54, representing reimbursement for Petitioner's costs, in the form of a check payable to Petitioner.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

**/s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs," and fees for legal services rendered. Furthermore, Section 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).